UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**RACHEL A. JONES,**

      **Plaintiff,**

v.                                              Civil Action No. 2:09-0537

**HOME LOAN INVESTMENT BANK, F.S.B.,
f/k/a Ocean Bank, F.S.B.,
CITIMORTGAGE, INC., ADVANCED
FINANCIAL SERVICES, INC., and
COUNTRYWIDE HOME LOAN SERVICING, LP,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending are the motions to dismiss of defendants Home Loan Investment Bank, F.S.B. ("Home Loan"), formerly known as Ocean Bank, F.S.B., and CitiMortgage, Inc. ("CitiMortgage"), filed respectively on May 19 and June 16, 2009.[1]  Home Loan and CitiMortgage both argue that the plaintiff, Rachel A. Jones, has failed to plead her claim of fraud, which is set forth in the unnumbered count of the complaint entitled "Fraud and Conspiracy of Ocean Bank, F.S.B.," with the particularity required by Fed. R. Civ. P. 9(b).  (Home Loan Mem. in Supp. Mot. to Dismiss at 4-

---

[1] Home Loan filed a supplemental motion to dismiss on June 15, 2009.

1

6; CitiMortgage Mem. in Supp. Mot. to Dismiss at 3-4).[2]

I.

According to the complaint, at the time of the death of her husband in 2005, plaintiff, who is eighty-one years old, had a first mortgage on her home in Charleston, West Virginia with Bank One.  (Compl. ¶ 7).  Shortly after her husbands' death, plaintiff, who was unsophisticated in financial matters and suffering from severe depression, executed a power of attorney in favor of her daughter, Queenetta Potts, which was recorded in the Office of the Clerk of Kanawha County on January 31, 2006.  (Id. ¶ 8-9).  In order to enable her mother to stay in the family home, Mrs. Potts arranged for plaintiff to enter into a "Home Equity Conversion Loan Agreement" through the Secretary of Housing and Urban Development.  (Id. ¶ 10).  Pursuant to the agreement, which was entered into on February 2, 2006, plaintiff was to make interest-only payments on her home loan until her death.  (Id.)[3]

---

[2] Defendants Advanced Services, Inc. ("Advanced") and Countrywide Home Loan Servicing, Inc. ("Countrywide") have not moved to dismiss.

[3] The complaint does not state the name of the lender who entered into the loan agreement of February 2, 2006, the amount of the loan, the rate of interest or the monthly payment amount.

The complaint states that at some point prior to January of 2007, "Defendant Ocean, or an agent on its behalf, approached Plaintiff and fraudulently induced her into refinancing her Home Equity Conversion Loan Agreement with a standard 40 year mortgage in the sum of $89,000.00 at 9.20%." (Id. ¶ 12). According to the complaint, when the loan agreement between plaintiff and Home Loan was entered into on January 17, 2007, "Plaintiff was unable to conduct her financial affairs." (Id. ¶ 13). Plaintiff asserts that she "has no recollection of entering into this loan agreement with Ocean in the sum of $89,000.00" (Id. ¶ 13). After entering into the loan agreement, Home Loan "sold or otherwise transferred" the mortgage note to CitiMortgage. (Id. ¶ 14).

The complaint goes on to allege that prior to April of 2007, Advanced, "or an agent on their behalf," approached the plaintiff and "induced her to refinance the three month old mortgage she had with Ocean with a new 30 year mortgage in the sum of $97,300.00 at 7.625%." (Id. ¶ 15). As was the case when she entered into the loan agreement with Home Loan, the complaint states that when the loan agreement with Advanced was entered into on April 5, 2007, plaintiff "was unable to conduct her financial affairs." (Id. ¶ 16). The complaint also states that

3

plaintiff has "no recollection of entering . . . [the] loan agreement with Advanced." (Id.). At some point after plaintiff entered into the loan agreement with Advanced, Advanced "assigned, sold or otherwise transferred" the mortgage note to Countrywide. (Id. ¶ 19). Countrywide has threatened to institute foreclosure proceedings and remove Mrs. Jones from her home. (Id. ¶ 20).

The complaint, which was filed in the Circuit Court of Kanawha County on April 10, 2009, and removed to this court on May 13, 2009, asserts the following claims in unnumbered counts entitled: Fraud and Conspiracy of Ocean Bank, F.S.B.; Fraud and Conspiracy of Advanced; Unconscionable Contract; Breach of the Duty of Good Faith and Fair Dealing.[4]  The complaint states that as assignees, CitiMortgage and Countrywide are also subject to these claims. (Id. ¶ 44).

II.

Fed. R. Civ. P. 9(b), titled "Fraud or Mistake; Conditions of Mind," requires that, "[i]n alleging fraud or

---

[4] Plaintiff's breach of the duty of good faith and fair dealing claim was dismissed by agreed order entered July 27, 2009.

4

mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  To meet this standard, a plaintiff "must, at a minimum, describe the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  United States ex rel. Wilson v. Kellog Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (internal quotation marks omitted).  "These facts are often referred to as the who, what, when, where, and how of the alleged fraud."  Id. (internal quotation marks omitted).

The fraud and conspiracy claim asserted against Home Loan and CitiMorgtgage incorporates the factual allegations set forth above and states:

23. Sometime before January, 2007, Defendant Ocean, or an agent on its behalf, approached Plaintiff and fraudulently induced her to refinance her Home Equity Conversion Loan Agreement with a standard 40 year mortgage in the sum of $ 89,000.00.
24. Ocean and its agents conspired to induce Plaintiff into this loan by making false representations regarding the benefits of entering into this loan.
25. Plaintiff was induced and relied upon such false representation.
26. Ocean's loan provided no benefit to Plaintiff and in fact caused Plaintiff to lose the benefit of

>              her interest payment only loan.
> 27.          The sole purpose of the loan was to benefit Ocean
>              and its agent by charging fees for originating
>              this loan and sell this loan to others.

(<u>Id.</u> ¶¶ 23-27).

Mrs. Jones' claim of fraud against Home Loan and CitiMortgage does not appear to satisfy the pleading requirements of Rule 9(b).  Beyond the conclusory assertion that Home Loan, then Ocean Bank, "fraudulently induced" the plaintiff by "making false representations regarding the benefits of entering into" the loan, the complaint does not state the contents of the alleged misrepresentations with any particularity.  The complaint also fails to state, with any particularity, when the alleged misrepresentations where made or who made them.  Should she be able to do so, the court will afford plaintiff the opportunity to amend the complaint in order to plead her claim of fraud with the requisite particularity.

                              III.

It is accordingly ORDERED that, should she wish to do so, the plaintiff shall file, by August 17, 2009, an amended complaint with respect to the count entitled Fraud and Conspiracy of Ocean Bank, F.S.B., setting forth with particularity the

                                6

content of the alleged misrepresentations, the identity of the person or persons who made the alleged misrepresentations and when such misrepresentations were allegedly made.  Failure of plaintiff to do so will result in the entry of an order dismissing that count.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record.

DATED: July 29, 2009

_____
John T. Copenhaver, Jr.
United States District Judge